IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOUT SAECHAO,

    Petitioner,                      No. CIV S-03-1433 ALA HC

    vs.

D.L. RUNNELS, Warden, et al.,        ORDER

    Respondent.

_____/

    Pending before the court is Petitioner Tout Saechao's *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254.

    The parties have not addressed the question of whether the doctrine of adequate and independent state grounds bars our review of Petitioner's challenge to the admission of hearsay statements as stated in Ground IV.  However, a federal court may raise the issue of procedural default *sua sponte* if doing so furthers the interests of comity, federalism, and judicial efficiency. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  California law does not support reversing a conviction because or erroneously admitted evidene unless there is a contemporaneous objection to evidence which should have been admitted and the admission of such evidence resulted in a miscarriage of justice. Cal. Penal Code § 353; *People v. Callahan*,

1

1  74 Cal. App. 4th 356, 363 (Cal. Ct. App. 1999).  A Petitioner's substantial rights are affected

2  when an alleged error leads to a miscarriage of justice under *People v. Watson*.  *Callahan*, 74

3  Cal. App. 4th at 363.  A miscarriage of justice occurs when the court, after an examination of the

4  entire case, including the evidence, feels that it is reasonably probable that a result more

5  favorable to the appealing party would have been reached in the absence of the error.  *People v.*

6  *Watson*, 46 Cal. 2d 818, 836 (1956).  Petitioner failed to make a contemporaneous objection to

7  the admission of hearsay statements contained in the testimony of Joseph Scott.  Therefore his

8  attack on his conviction as stated in Ground IV may have been procedurally defaulted unless the

9  error resulted in a denial of due process of law.  *People v. Matteson*, 61 Cal. 2d 466 (1964).

## CONCLUSION

In accordance with the above, the parties are directed to file, on or before March 4, 2008, simultaneous briefs of no more than ten pages, discussing whether Ground IV of Petitioner's petition is procedurally defaulted under the standards discussed above.

/////

DATED: February 5, 2008

        /s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation